IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD FOLKS** | ) | CASE NO. |
| c/o David B. Malik | ) | |
| 8437 Mayfield Road | ) | |
| Suite 101 | ) | |
| **Chesterland, Ohio 44026** | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **AARON PETITT** | ) | |
| **Cleveland Police Dept.** | ) | |
| **27243 Lorain Road** | ) | |
| **Cleveland, Ohio 44070-4084** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JOHN DOES 1-5** | ) | |
| **(names undiscoverable)** | ) | |
| **Cleveland Police Department** | ) | |
| **27243 Lorain Road** | ) | |
| **Cleveland, Ohio 44070-4084** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CITY OF CLEVELAND** | ) | |
| **c/o MAYOR FRANK JACKSON** | ) | |
| **601 Lakeside Avenue** | ) | |
| **Cleveland, Ohio 44114,** | ) | |
| | ) | |
| Defendants. | ) | |

## I. PRELIMINARY STATEMENT

1. This civil rights case seeks redress for the violation of Plaintiff Reginald Folks's

("Reginald" or "Mr. Folks") Fourth and Fourteenth Amendment rights. The violation of Mr.

Folks's rights occurred on October 27, 2012. On that day, Cleveland police officer Aaron Petitt

1

("Defendant Petitt") and at least one John Doe Officer used excessive and unreasonable force while on duty when they physically assaulted Mr. Folks. There was no reason for Defendant Petitt and the Doe Officer(s) to assault Mr. Folks. These Defendants' conduct amounted to an unnecessary, illegal and unreasonable use of force to affect a stop and arrest that was not supported with probable cause.

2. This Complaint also alleges and demonstrates that the City of Cleveland ratified Defendant Petitt's and the Doe Officer(s) conduct by failing to meaningfully investigate Mr. Folks's assault after he reported it. The policies, procedures, customs and habits of the Cleveland police department with respect continued ratification of unreasonable uses of force are a moving force behind the constitutional violation and shock the conscience.

## II.  JURISDICTION

3. This claim is brought under the Civil Rights Act of 1871, 42 U.S.C. §1983. This Court has jurisdiction to hear this claim under 28 U.S.C. §§ 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. Venue is proper in this Division.

## III.  THE PARTIES

4. Plaintiff Reginald Folks was a resident of Summit County, Ohio during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution and violations of laws of the State of Ohio.

5. Defendant Petitt was at all times relevant to this action an employee of the City of Cleveland, Ohio police department. He was serving as an on-duty patrol officer on October 27, 2012. Defendant Petitt is sued in his individual and official capacities. Defendant Petitt is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

6. Defendants John Does 1-5 are employees and officers of the City of Cleveland who

assisted Defendant Petitt either at the scene or otherwise with paperwork. Their names are presently unknown and undiscoverable. At least one John Doe used unnecessary and excessive force when he physically pulled Mr. Folks onto the back seat of the police vehicle after Mr. Folks had been injured by Defendant Petitt. This additional use of force, which occurred after Mr. Folks had been handcuffed and subdued, proximately caused Mr. Folks unnecessary pain. The remaining John Does, like Defendant Petitt, failed to file Use of Non-Deadly Force reports. These individuals are state actors and persons pursuant to 42 U.S.C § 1983 and at all times relevant to this case acted under color of law. Each is sued in his or her individual and official capacities.

7. Defendant City of Cleveland ("Cleveland") is a unit of local government organized under the laws of the State of Ohio. Cleveland is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. Cleveland is a "person" for purposes of 42 U.S.C § 1983.

### IV. FACTS

**A. Introduction**

8. Reginald Folks is an African American who was raised in Kinston, North Carolina. At the time of this incident, he was a resident of Sagamore Hills, where he has resided for the past eight years.

9. At all times pertinent to this Complaint Mr. Folks was employed at University Case Medical Center, where he works as a Patient Access Specialist. He also works as a Legal Administrative Specialist at the Department of Veteran Affairs.

10. At roughly 10:30 am on October 27, 2012, Mr. Folks was driving his Jeep on Chester Avenue in the general vicinity of East 79th Street.

3

11. At E. 79th and Chester, Mr. Folks lawfully stopped his car at a red light.

12. Defendant Petitt pulled his cruiser up one lane to the left of Mr. Folks, stopping at the same red light.

13. Defendant Petitt is Caucasian.

14. While Mr. Folks lawfully waited for the light to turn green, he briefly glanced over at Defendant Petitt.

15. When the light turned green, Mr. Folks lawfully continued through the intersection on Chester Avenue.

16. When the light turned green Defendant Petitt changed lanes so that his cruiser was directly behind Mr. Folks's vehicle.

17. Very shortly after pulling directly behind Mr. Folks, Defendant Petitt activated his police car's lights and siren. In response, Mr. Folks, who recognized he was being detained by the officer, complied with the signal to stop and pulled to the side of the road at the corner of East 84th and Chester.

18. While detaining Mr. Folks on the side of the road, Defendant Officer Petitt remained in his police cruiser for nearly ten minutes. Mr. Folks compliantly remained in his vehicle waiting for the officer.

19. When Defendant Petitt finally arrived at the driver's side door of Mr. Folks's car, Mr. Folks immediately asked why he had been pulled over.

20. Defendant Petitt responded that he had "ran" Mr. Folks's license plates and determined that he had a suspended license.

21. Defendant Petitt then handed Mr. Folks a citation for driving with a suspended license, in violation of Cleveland City Ordinance 435.07.

4

22. Defendant Petitt demanded that Mr. Folks sign the citation.

23. Mr. Folks did not have a suspended license.

24. In response to being asked to sign the citation, Mr. Folks told Defendant Petitt that he believed there must be a mistake because he knew that he did not have a suspended license.

25. Defendant Pettit suddenly became enraged. Defendant Petitt threateningly ordered Mr. Folks to exit his car because he was under arrest for refusing to sign the citation.

26. Mr. Folks tried to explain to Defendant Petitt that he was just asking a question about the mistake regarding his license.

27. Defendant Petitt again demanded that Mr. Folks exit his car. In addition, Defendant Petitt began repeatedly yelling at Mr. Folks to "act like an adult."

28. Mr. Folks complied with Defendant Petitt's demands and began to get out of his car.

29. As soon as Mr. Folks opened his car door, Defendant Petitt physically grabbed Mr. Folks's left arm and forcibly pulled him out of his car.

30. As Defendant Petitt pulled Mr. Folks out of the car, he twisted Mr. Folks left arm, which caused him immediate and tremendous pain.

31. While continuing to twist Mr. Folks arm, Defendant Petitt punched Mr. Folks in the area of his right eye. Defendant Petitt then slammed Mr. Folks's head against his car with unreasonable force.

32. Defendant Petitt then handcuffed Mr. Folks's hands behind his back very tightly.

33. The backseat of Defendant Petitt's car was oriented so that there was not enough room for Mr. Folks to step into the car. In the process of trying to enter the car, Mr. Folks's foot became wedged between the front and back seats. With his hands cuffed behind his back, Mr. Folks was unable free his foot so that he could enter the car; he was stuck.

5

34. The ankle of the foot that had become wedged when Mr. Folks was forced to enter the police cruiser had six metal pins in it. This medical impairment affected Mr. Folks's ability to free his foot. Mr. Folks told Defendant Petitt about his medical condition affecting his ability to extricate his foot.

35. At this time a second, unidentified officer arrived at the scene and assisted Defendant Petit in trying to get Mr. Folks into the back of Defendant etitt's police cruiser.

36. Mr. Folks's difficulty entering the car caused the John Doe Officer at the scene to go to the other side of the car so that he, with Defendant Petitt's help, could drag and yank Mr. Folks into the cruiser, causing Mr. Folks additional pain.

37. Once the officers had Mr. Folks stuffed into the back of Defendant Petitt's cruiser, he was taken to the Justice Center.

38. Mr. Folks was held in Jail from 11:30 am until 7:45 pm on October 27, 2012 and then released.

39. The charges against Mr. Folks for driving under suspension were dismissed for want of prosecution on November 14, 2012.

40. The next morning Mr. Folks went to the hospital to receive treatment for the injuries he sustained from Defendant Petitt's conduct and his excessive and unreasonable use of force.

41. A physician diagnosed Mr. Folks as having injuries, including but not limited to sustained facial and scalp contusions and strained muscles. These injuries were caused by Defendant Petitt and the other unidentified officer.

**B. The City Was On Notice of Officer Petitt's Unreasonable Conduct**

42. In December 2009 Officer Petitt received a call about a man being chased by men with guns in the 12800 block of Signet Avenue.

6

43. When Officer Petitt arrived, he discovered that the armed men were bounty hunters trying to capture a man wanted on a warrant.

44. Deciding to assist the armed bounty hunters, Officer Petitt entered the chase and tracked the unarmed man to a house where the man had barricaded himself in a room.

45. A struggled ensued and Officer Petitt shot and killed the man.

46. As police policy required, Officer Petitt was placed on temporary leave while the shooting was investigated.

47. In 2010, Petitt was investigated by Internal Affairs for failing to return Jonathan Sledge's driver's license after Petitt arrested him on suspicion of violating state drug laws.

48. This investigation showed that Jonathan Sledge's license was improperly used by another Cleveland police officer to rent cars in Sledge's name as part of a drug investigation.

49. Officer Petitt and the other officer were not prosecuted by the City Prosecutor.

50. Instead, the City decided to rehire Officer Petitt in 2012. Petitt returned to duty on September 17, 2012.

51. On March 30, 2013, Petitt was once again under investigation by the City for disobeying a sergeant's direct order involving an off-duty officer's call for help.

52. While on the way to assist an off-duty officer at a bar on West 9th Street and St. Clair, Pettit was ordered by Sergeant George Peters not to respond. Other officers had been dispatched.

53. Pettit disregarded these direct orders and went to the scene anyway.

54. Despite examples of documented police misconduct prior to the October 27, 2012, Officer Petitt was still patrolling the streets on that date.

55. Defendant Petitt continues to engage in misconduct in 2013 as well.

56. The Department of Justice announced on March 14, 2013, that it was initiating a

"patterns and practices" investigation into the Cleveland Police Department to determine whether the entire Cleveland Police Department has engaged in a pattern and practice of using excessive force during arrests. The Department of Justice's decision to perform this investigation was based, in part, on Cleveland city leaders, including Mayor Frank Jackson, requesting that the police department be reviewed following a number of incidents involving excessive force.

57. The Department of Justice's decision to investigate the Cleveland Police Department's for widespread violation of its citizens' constitutional right to be free from excessive force, in addition to the City's request for such an investigation to occur, demonstrates that the City has a custom, pattern, practice or policy of using excessive force during arrests. This custom, policy, and/or practice was a moving force behind the violations suffered by Mr. Folks on October 27, 2012.

## V. CLAIMS

### FIRST CAUSE OF ACTION– § 1983-EXCESSIVE FORCE

58. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

59. Defendants have, under color of law, deprived Reginald Folks of rights, privileges, and immunities secured to him by the Fourteenth Amendment to the United States Constitution, including the prohibition on unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution.

60. Defendants used excessive force directly on Mr. Folks causing his injuries. Defendants also established a custom, policy or practice of using excessive force on citizens and/or engaging in a clear and persistent pattern of ratifying the use of excessive force and/or failing to supervise or discipline those who use excessive force on citizens, which was a proximate cause of the force

used on Mr. Folks. The historical custom, pattern and practice of members of the Cleveland Police Department using excessive force is further demonstrated by the Department of Justice's decision to perform a "pattern and practices" review of the Cleveland Police Department's use of excessive force during arrests.

### SECOND CAUSE OF ACTION—STATE LAW CLAIM FOR ASSAULT AND BATTERY

61. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

62. Under Ohio law, Defendant Petitt's acts against Reginald constitute assault and battery.

63. Defendant Petitt engaged in an unprivileged, intentional, harmful and offensive touching of Reginald Folks.

64. Defendant Petitt willfully threatened to harm or touch Reginald Folks offensively.

65. Defendant Petitt's assault and battery was a direct and proximate cause of Reginald's permanent injuries.

### THIRD CAUSE OF ACTION-STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

67. As a direct and proximate result of Defendant Petitt's acts and the acts of John Does 1-5, Reginald has suffered, and will continue to suffer serious psychological pain and distress, which is serious and of a nature that no reasonable man could be expected to endure.

68. Defendant Petitt knew that his treatment of Reginald would cause emotional distress and intended that his actions would result in serious emotional distress to Reginald. Defendant Petitt's conduct was so extreme and outrageous as to go beyond all possible bounds of decency, and they directly and proximately caused Reginald's psychic injury.

### VI. JURY DEMAND

69. Plaintiff hereby demands a trial by jury of all issues triable by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A.     Award Plaintiff compensatory damages in an amount to be shown at trial;

B.      Award Plaintiff punitive damages in an amount to be shown at trial;

C.     Award Plaintiff reasonable attorney's fees, costs and disbursements;

D.     Pre and post judgment interest;

E.     Grant Plaintiff such additional relief as the Court deems just and proper.


      /s/   David B. Malik
DAVID B. MALIK (0023763)
SAMUEL S. RIOTTE (0082678)
Attorneys at law
The Hanus Building
8437 Mayfield Road Suite 101
P.O. Box 248
Chesterland, Ohio 44026
(440) 729-8260
(440) 729-8262 FAX
EMAIL: dbm50@sbcglobal.net
*Counsel for Plaintiff*