IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
REGINALD FOLKS,                                        : CASE NO.  1:13-cv-02292
                                                       :
                                            Plaintiff, : MEMORANDUM OF OPINION AND
                                                       : ORDER
                     -vs-                              :
                                                       :
                                                       :
AARON PETITT, et al.,                                  :
                                                       :
                                         Defendants.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      This matter comes before the Court on a motion to dismiss for failure to state a claim upon which relief can be granted, filed by defendant City of Cleveland ("Cleveland"). The motion is fully briefed and ready for the Court's consideration. The issue presented is whether the complaint presents a plausible claim that Cleveland should be held to account for the plaintiff's claims of excessive force against Cleveland Police Officer Aaron Petitt, pursuant to Monell v. Dept. of Soc. Sec. Servs., 436 U.S. 658 (1978). For the reasons that follow, the Court holds that it does not. The motion will accordingly be granted.

**I. Background**

The following allegations, drawn from the plaintiff's complaint, are accepted as true for the purpose of deciding the defendant's motion. The plaintiff Reginald Folks was raised in Kinston, North Carolina. For the past eight years, he was a resident of Sagamore Hills, Ohio. Mr. Folks was employed as a Patient Access Specialist at Case Medical Center, and as a Legal Administrative Specialist at the Department of Veteran Affairs. Defendant Officer Aaron Petitt was, at all times relevant, an employee of the City of Cleveland, Ohio, Police Department. Defendant City of Cleveland ("Cleveland") is a unit of local government organized under the laws of the State of Ohio.

At roughly 10:30 A.M. on 27 October 2012, Officer Petitt conducted a traffic stop of Mr. Folks on Chester Avenue near East 79th Street, in Cleveland, Ohio. During the stop, Mr. Folks asked Officer Petitt why he had been pulled over, and the officer explained that after running Mr. Folks' license plates, he determined that Mr. Folks' license had been suspended. Mr. Folks, in fact, did not have a suspended license. Nonetheless, Officer Petitt handed Mr. Folks a citation and told him to sign it.

Mr. Folks, knowing that his license was not suspended, explained to Officer Petitt that there must be a mistake. Suddenly enraged, Officer Pettit placed Mr. Folks under arrest and ordered him out of the car.  Mr. Folks tried to explain to Officer Petitt that he was merely asking a question about the mistake regarding his license. Officer Petitt again demanded that Mr. Folks exit his car and repeatedly told him to "act like and adult." Mr. Folks complied with Officer Petitt's demands, and he began to get out of his car.

2

When Mr. Folks opened the door, Officer Petitt grabbed Mr. Folks' left arm and pulled him out of his car. In so doing, Officer Petitt twisted Mr. Folks' left arm, which caused Mr. Folks immediate and tremendous pain. While continuing to twist his arm, Officer Petitt punched Mr. Folks in the area of his right eye. Officer Petitt slammed Mr. Folks's head against his car and cuffed his hands tightly behind his back.

The backseat of Officer Petitt's cruiser was oriented in such a way that there was not enough room for Mr. Folks to step into it. In the process of trying to enter the police cruiser, Mr. Folks' foot became wedged between the front and back seats. With his hands cuffed behind his back, Mr. Folks was unable free his foot. Further affecting his ability to unwedge himself was the fact that his ankle had six metal pins in it, apparently, from an earlier surgery. Mr. Folks told Officer Petitt that his medical condition was affecting his ability to extricate his foot.

At this time, a second, unidentified officer arrived at the scene and assisted Officer Petit in placing Mr. Folks into the back of the police cruiser. The second officer went to the other side of the car and attempted, with Officer Petitt's help, to pull Mr. Folks into the cruiser, which caused Mr. Folks additional pain. Once the officers had stuffed Mr. Folks into the back of the cruiser, he was taken to the Justice Center.

Mr. Folks was jailed at 11:30 A.M. and released the same day at 7:45 P.M. The charges for driving under suspension were dismissed for want of prosecution on 14 November 2012.

The next morning Mr. Folks went to the hospital to receive treatment for the injuries he allegedly sustained from Officer Petitt's use of force.  A physician diagnosed Mr. Folks as having injuries, including, but not limited to, sustained facial and scalp

3

contusions and strained muscles. The plaintiff alleges that these injuries were caused by Officer Petitt and the other unidentified officer.

On 16 October 2013, Mr. Folks filed this lawsuit. The complaint asserts claims of excessive force in violation of the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 against Officer Petitt, the City of Cleveland, and five John Does. Mr. Folks also brings state law claims of assault and battery and intentional infliction of emotional distress against Officer Petitt only. Mr. Folks seeks compensatory and punitive[1] damages and reasonable attorney fees, costs, and disbursements.

Cleveland now moves to dismiss on the ground that Mr. Folks has failed to state a plausible § 1983 claim that Cleveland is liable for the actions of Officer Petitt, pursuant to Monell v Department of Social Services, 436 U.S. 658 (1978).

**II. Federal Rule of Civil Procedure 12(b)(6)**

The plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A 12(b)(6) motion tests the sufficiency of the complaint. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[1] In response to Cleveland's motion to dismiss, the plaintiff concedes that Cleveland cannot be held liable for punitive damages in this instance. As stated in Ohio Revised Code § 2744.05(A), "in an action against a political subdivision . . . in connection with a governmental or proprietary function . . .[p]unitive or exemplary damages shall not be awarded."

that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### III. Law and Argument

A municipality cannot be held liable under § 1983 on a theory of respondeat superior. Rather, a plaintiff must prove that the municipality's policy or custom caused the injury. Monell, 436 U.S. at 690-91. In order to prove municipal liability under Monell, a plaintiff must identify "conduct properly attributable to the municipality" and demonstrate that

> through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997).

In this instance, the plaintiff maintains that Cleveland operated under a custom or policy of permitting application of excessive force to its citizens, because, at the time of the incident, Cleveland was on notice of three prior instances of unreasonable conduct on the part of Officer Petitt. The first of the previous incidents noted by the plaintiff happened in December 2009, when Officer Petitt helped armed bounty hunters track a man wanted on a warrant. After the man barricaded himself in a room, a struggle ensued and Officer Petitt shot and killed the man. As police policy required, Officer Petitt was placed on temporary leave while the shooting was investigated.

In another incident, Officer Petitt was investigated by Internal Affairs in 2010 for failing to return a man's driver's license after Officer Petitt arrested him on suspicion of violating state drug laws. This investigation showed that the man's license was

5

improperly used by another Cleveland police officer to rent cars as part of a drug investigation. Officer Petitt and the other officer were not prosecuted by the City Prosecutor.

Then in 2013, Petitt was under investigation for disobeying a sergeant's direct order involving an off-duty officer's call for help. While on the way to assist an off-duty officer at a bar on West 9th Street and St. Clair, Officer Pettit was given an order not to respond, because other officers had been dispatched. Pettit disregarded the order and went to the scene anyway.

To further support his claim that a custom or policy of Cleveland was the moving force behind his injuries, Mr. Folks indicates that on 14 March 2013, the Department of Justice announced that it was initiating an investigation into the Cleveland Police Department to determine whether it has engaged in a pattern and practice of using excessive force during arrests.

In the Court's view, the above allegations fail to support Mr. Folks' claim that Cleveland is the moving force behind, and thus liable for, Mr. Folks alleged mistreatment. Mr. Folks asserts three theories of proving municipal liability: (1) failure to supervise; (2) and failure to discipline; (3) failure to investigate. Each of these will be addressed, and rejected, in turn.

*Failure to supervise / Failure to discipline*

The allegations in the complaint fail to support Mr. Folks' claim that an implicit municipal custom or policy caused Mr. Folks' injury as demonstrated by a failure of supervision on the part of Cleveland. To succeed on a failure of supervision claim, the plaintiff must prove (1) supervision was inadequate for the tasks performed; (2) the

6

inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury. Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 700 (6th Cir. 2006).

In this instance, the complaint does not describe facts to show that Officer Petitt's supervision was inadequate with respect to the tasks he performed during the traffic stop of Mr. Folks. The prior instances of misconduct on the part of Officer Petitt, as alleged by the plaintiff, do not support the plaintiff's claim. For instance, Officer Petitt's failure to return a citizen's driver's license and his disregard of a sergeant's direct order says little about the adequacy of his supervision or training with respect to the application of force. While the claim that Officer Petitt was previously involved in a fatal shooting of an unarmed man comes closer to the mark, it too falls short. No facts are alleged that would allow a reasonable inference that this shooting was unconstitutional or otherwise improper. Mr. Folks does not describe a complaint, investigation, or court ruling with respect to the shooting incident that would impugn the propriety of Officer Petitt's conduct.

Furthermore, even if any of these incidents put Cleveland on notice that Officer Petitt's training or supervision was inadequate with regard to the use of force, it still would not be enough to implicate Cleveland, since the complaint fails to allege facts showing that the inadequacy of supervision or training resulted from Cleveland's deliberate indifference. A plaintiff may show deliberate indifference in two ways: (1) by describing a failure to provide adequate supervision in light of foreseeable consequences that could result from a lack of supervision; or (2) by showing that a municipality has failed to act in response to repeated complaints of constitutional

7

violations by its officers. Ellis ex rel. Pendergrass, 455 F.3d at 700. The plaintiff makes no claim to the first alternative, and the Court is not persuaded that the existence of a DOJ investigation into Cleveland Division of Police's patterns and practices supports the second. To the Court's knowledge, the DOJ investigation has not been completed. As such, no reasonable inference can be drawn that would connect Mr. Folks' injuries to a larger pattern of wrongdoing condoned by Cleveland. See Randall Scott, Jr. v. City of Cleveland, Case No. 1:13-cv-02020 (N.D. Ohio 13 December 2013) (Polster, J.) (concluding that the same DOJ investigation did not support a reasonable inference that a policy or custom of Cleveland caused the plaintiff's injury).

The Court also rejects the claim that a failure to discipline provides a basis for municipal liability, for reasons similar to those described above. The plaintiff fails to provide any facts to show that Cleveland engaged in a pattern of failing to discipline its officers. In sum, Mr. Folks does not demonstrate that any failure to discipline Officer Petitt is in any way connected to a custom or policy on the part of Cleveland.

*Failure to investigate*

The complaint also fails to sufficiently allege a claim of ratification by failure to investigate. A municipality may be liable under § 1983 when it fails to adequately investigate, and thus ratifies, the illegal conduct of an employee. To demonstrate that municipality ratified the improper actions of an employee by failing to investigate, a plaintiff must show that "(1) a final municipal policymaker approved an investigation into [the employee's] conduct (2) that was so inadequate as to constitute a ratification of their alleged use of excessive force. Wright v. City of Canton, Ohio, 138 F. Supp. 2d 955, 966 (N.D. Ohio 2001). In this instance, the complaint contains no allegations to

8

show that Cleveland, as a final municipal policymaker, approved any investigation of Officer Petitt's conduct as pertains to Mr. Folks. Nor does the plaintiff allege that any investigation that may have occurred was inadequate. Moreover, based on the complaint, it is not even apparent whether Mr. Folks complained to the police about the officer's conduct. As such, Mr. Folks does not state a plausible claim that Cleveland ratified Officer Petitt's allegedly improper conduct by failing to adequately investigate it.

**IV. Conclusion**

For the reasons stated above, the defendant's motion is granted.

IT IS SO ORDERED.

                                                  /s/ Lesley Wells
                                        UNITED STATES DISTRICT JUDGE

Date: 11 September 2014