IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD FOLKS, | ) | CASE NO. 1:13 CV 2292 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| AARON PETITT, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

Before me[1] is a motion *in limine* by defendant Aaron Petitt to exclude the testimony and expert report of Julie Shields, Ph.D.[2]  Plaintiff Reginald Folks has opposed the motion,[3] and Petitt has replied to that opposition.[4]  For the reasons stated, that motion will be granted in part and denied in part.

As the docket sheet shows, the deadline for completing expert discovery was extended numerous times. The final extension was granted on September 22, 2015[5] in response to a joint motion,[6] and extended the deadline for expert discovery to October 15, 2015. As Petitt

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 26.

[2] ECF # 74.

[3] ECF # 75.

[4] ECF # 76.

[5] ECF # 60.

[6] ECF # 59.

himself concedes in his motion,[7] the expert report of Julie Shields was submitted to Petitt on September 8, 2015.

Petitt argues that this submission was 85 days after the deadline of July 15, 2015 then in place pursuant to an earlier version of the case management plan, and was submitted 146 days after the report was created.[8]  He contends that "the real prejudicial issue" as regards the Shields report is that it arrived so near to firm deadlines for dispositive motions and for the trial date - deadlines Petitt notes I told the parties I would not extend.[9]  Petitt maintains that because he had virtually no time within the overall case management time schedule to arrange for his own deposition of Shields or to obtain his own expert on PTSD (an issue Petitt asserts had not previously been at issue here), he has been prejudiced by the timing of when the Shields report was submitted.[10]

I observe initially that injunction regarding no further extensions of the deadlines of the case management plan was made in the order for the Third Amended Case Management Plan that was entered on August 26, 2015.[11]  Thus, when Folkes submitted the expert report of Julie Shields to Petitt on September 8, 2015, the deadlines for filing dispositive motions

---

[7] ECF # 74 at 2.

[8] *Id*.

[9] ECF # 76 at 2 (citing ECF # 55).

[10] *Id*. at 4.

[11] ECF # 55.

had been set and was not subject to change. However, the deadline for filing expert reports was set as October 1, 2015, in response to Petitt's motion to do so.[12]

Moreover, on September 17, 2015 the parties jointly requested an extension of time from October 1, 2015 until October 15, 2015 for completing expert discovery[13] - an extension that did not alter the rest of the case management plan, and so was not in conflict with the mandate of my Order of August 26, 2015. That request was granted.[14]

Thus, while I can appreciate the concerns raised in Petitt's current motion, I must note that Folks's submission of the Shields report was timely under the case management plan then in force, and must further note that the applicable discovery deadlines were established in response to Petitt's own motions -either on his own behalf or jointly - that specified those dates. Having twice selected the dates when expert discovery should be completed, it is difficult to now credit Petitt's claim that discovery submitted during the approved time now must be disallowed because it is too close to the other deadlines established in the plan, and does not permit additional discovery in response.

In addition, although I do not question the difficulty involved in scheduling additional, even unexpected depositions within a short time, I do note that there appears to have been no effort by Petitt to seek to depose Shields at any time between September 8, when her report was submitted, and the final date for expert discovery of October 15 - a period of more

---

[12] ECF # 54.

[13] ECF # 59.

[14] *Id*. at 60.

than a month.[15] Again without doubting that all the counsel in this case are busy, I also cannot fail to notice that Shields is present locally - her place of employment is Cleveland Heights - and so there are no issues of travel or distance that must be considered.

That said, I note that in my Order granting Petitt's motion for summary judgment in part and denying it in part, issued contemporaneously with this decision, the only claims remaining against Petitt are the Section 1983 claim for excessive force and the Ohio law claim for assault and battery arising out Petitt allegedly forcing Folks's face into the rear window of Folks's vehicle during the arrest. No claims remain for any actions taken in placing Folks into the rear seat of the zone car or for applying the handcuffs too tightly, nor for intentional infliction of emotional distress as relate to any words used by any officer toward Folks.

Thus, to the extent that Shields's testimony as any PTSD is based on Folks's reaction to anything other than the alleged act of being pushed face-first into the rear windshield of his vehicle by Petitt, that testimony would not be admissible. As noted, in another entry, all the John Doe defendants have been granted summary judgment on all claims and dismissed from the case.

Accordingly, Petitt's motion *in limine* to exclude the expert report and testimony of Julie Shields is granted in part and denied in part, as is more fully set forth above.

---

[15] ECF # 75 at 3.

IT IS SO ORDERED.


Dated: May 23, 2016                         s/ William H. Baughman, Jr.
                                            United States Magistrate Judge